IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANDRA FELTIS,

        Plaintiff,                  No. 2:11-cv-00723 KJN

      v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.             ORDER

_____/

        The court is in receipt of a stipulation and proposed order providing plaintiff with a second extension of time in which to file a motion for summary judgment.[1] In contravention of this court's Local Rules, plaintiff filed the second request for an extension after her last extensions expired. Nevertheless, the undersigned approves the stipulation.

        Although the undersigned approves plaintiff's second request for an extension, the undersigned notes an ever-increasing concern regarding plaintiff's counsel's ability to comply with the court's rules and orders and adequately prosecute cases on behalf of her clients. This is not the first time the undersigned has expressed such concern regarding plaintiff's counsel, Bess

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(15) and 28 U.S.C. § 636(c), and both parties have voluntarily consented to proceed before a United States Magistrate Judge, 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73; E. Dist. Local Rule 301. (Dkt. Nos. 6, 13.)

1

M. Brewer.  (See, e.g., Pacheco v. Astrue, No. 2:10-cv-01733 KJN, Order, Oct. 11, 2011, Dkt. No. 18; Quintana v. Comm's of Soc. Sec. Admin., 2:09-cv-01056 KJN, Order, May 25, 2010, Dkt. No. 25.)[2]

       The court has admonished Ms. Brewer on myriad occasions, including in this case, that she should not file requests for extensions on or after her deadline for filing a motion summary judgment.  Yet, she continues this practice in derogation of her obligations under Local Rule 144(d).  In regards to the pending request for an extension of time, Ms. Brewer filed the stipulation and proposed order on October 12, 2011, which was one day *after* the deadline for plaintiff to file a motion for summary judgment—a deadline that was previously extended through a stipulation and order.  (See Stip. & Order, Sept. 2, 2011, Dkt. No. 15.)  And Ms. Brewer filed the first request for an extension in this case on the day her client's motion for summary judgment was due.  In the order approving the first extension request, the undersigned stated, in part:

> The undersigned notes that plaintiff, who is represented by an attorney who appears regularly before the undersigned and all too regularly seeks extensions of time based on her "impacted briefing schedule," filed this

---

[2] In an order discharging an order to show cause in Quintana, which was entered after a hearing with Ms. Brewer, the undersigned stated:

> Additionally, the undersigned will not impose a monetary sanction on Ms. Brewer despite her egregious failure to meet the deadlines imposed by the court or seek timely extensions of time.  The court understands the time burdens of briefing fact-intensive cases of the type at issue here.  Those burdens are heavy.  However, Ms. Brewer, who appears often before the undersigned and has demonstrated difficulty with meeting court-imposed deadlines and extensions of those deadlines, should not interpret the court's leniency in this instance as indicative of future results.  The undersigned is concerned that Ms. Brewer is using the orders to show cause entered by the court as a form of a calendaring system.  To the extent that is true, it is an unwise practice, and it would behoove Ms. Brewer to promptly remedy whatever is causing her repeated failures to meet court-imposed deadlines.  At a minimum, she should seek extensions of time as soon as the need for such an extension becomes apparent, and before the deadline at issue has expired.  See Local Rule 144(d).

(Quintana, 2:09-cv-01056 KJN, Order, May 25, 2010, at 2.)

stipulation and proposed order on the day that plaintiff was required to file a motion for summary judgment.  Plaintiff's counsel is again admonished that, pursuant to Local Rule 144(d), "[c]ounsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent," and that requests for court-approved extensions brought on or after the required filing date "are looked upon with disfavor."  The undersigned also notes that plaintiff's counsel appears to be falling behind in her cases again—plaintiff's counsel filed four requests for extensions in four separate cases between August 26, 2011, and August 29, 2011.  (See Pacheco v. Astrue, No. 2:10-cv-1733 KJN (E.D. Cal.); Carson v. Astrue, No. 2:11-cv-0632 KJN (E.D. Cal.); Feltis v. Astrue, No. 2:11-cv-0723 KJN (E.D. Cal.); Juarez v. Astrue, No. 2:10-cv-0748 KJN (E.D. Cal.).)

(Id. at 2 n.1.)

Additionally, Ms. Brewer persists in relying on her "impacted briefing schedule" as the basis for the numerous extensions of time that she requests in cases before the undersigned.  The undersigned has repeatedly advised Ms. Brewer that such an excuse is not a sufficient basis for an extension, especially when that excuse is used *ad nauseam*.  And curiously, plaintiff continues to open new cases in this court despite the fact that she is consistently unable to meet the briefing demands of her pending cases.  Although the manner in which Ms. Brewer operates her practice is a matter of her discretion, the wiser course for Ms. Brewer might be to reduce the number of cases she files in this court until such time as she catches up with her existing workload.

In light of the foregoing, IT IS HEREBY ORDERED that:

1.  The parties' stipulation and proposed order (Dkt. No. 16) is approved.

2.  Plaintiff shall have until November 10, 2011, to file a motion for summary judgment.  The court's scheduling order is modified accordingly.

3.  No further requests for extensions of time sought by plaintiff or her counsel will be considered absent extraordinary circumstances outside the control of counsel.

////

////

////

4.     On or before November 10, 2011, Ms. Brewer shall file with the court a statement reflecting that she has personally reviewed the entire text of this order.

IT IS SO ORDERED.

DATED: October 20, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE