1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SANDRA FELTIS,

11          Plaintiff,                    No. 2:11-cv-00723 KJN

12      v.

13   MICHAEL J. ASTRUE,
     Commissioner of Social Security,

14
          Defendant.                      ORDER
15   _____ /

16          Plaintiff, who is represented by counsel, seeks judicial review of a final decision

17   of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for

18   Supplemental Security Income benefits under Title XVI of the Social Security Act.[1]  In her

19   motion for summary judgment, plaintiff contends that the administrative law judge ("ALJ") in

20   this case erred by failing to: (1) include in the formulation of plaintiff's residual functional

21   capacity and consequent hypothetical to the vocational expert any restrictions that reflect

22   plaintiff's functional limitations as to an "ability to deal with changes in a routine work setting"

23   and "persistence and pace" arising from plaintiff's mental impairment; (2) address and provide

24   _____

25      [1]  This case was referred to the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(15) and 28 U.S.C. § 636(c), and both parties voluntarily consented to proceed
     before a United States Magistrate Judge, 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73; E. Dist. Local
26   Rule 301.  (Dkt. Nos. 6, 13.)

1

1    any reason for rejecting the more severe mental limitations assessed in May 4, 2009 County

2    mental heath treatment notes and the assessment by Dr. Bailey, the state agency physician; (3)

3    properly assess the impact of plaintiff's obesity pursuant to SSR 02-01p; (4) provide legitimate

4    and convincing reasons for rejecting plaintiff's testimony as to the degree of her symptoms; and

5    (5) provide any reasons for rejecting the third party lay statements provided by plaintiff's

6    daughter. (See generally Pl.'s Memo. of P. & A. In Supp. of Mot. for Summ. J. ("Pl.'s Memo.")

7    at 1, Dkt. No. 18.)  The Commissioner filed an opposition to plaintiff's motion and a cross-

8    motion for summary judgment (Dkt. No. 25.)

9           For the reasons stated below, the court grants plaintiff's motion for summary

10    judgment in part, denies the Commissioner's cross-motion for summary judgment, and remands

11    this case.  Specifically, the undersigned finds persuasive plaintiff's argument that the ALJ's

12    residual functional capacity and hypothetical to the vocational expert did not adequately reflect

13    the ALJ's stated acceptance of consultative examiner Dr. Owens' findings regarding the material

14    impact of plaintiff's mental impairment on her pace, endurance, and ability to deal with changes

15    in a routine work setting.  However, the court rejects plaintiff's claim that the ALJ failed to

16    assess properly the impact of plaintiff's obesity.

17    I.      BACKGROUND[2]

18          A.      Procedural History

19                  On September 4, 2008, plaintiff filed an application for Social Security Income

20    ("SSI") benefits that alleged a disability onset date of July 31, 2007.  (Admin. Tr. ("AT") 109-

21    15.)  The Social Security Administration denied plaintiff's application initially and upon

22    reconsideration.  (AT 72-87.)  Plaintiff requested a hearing before an ALJ, and the ALJ

23    conducted a hearing regarding plaintiff's claim on March 15, 2010.  (AT 21-66.)  Plaintiff was

24    _____

25        [2]  Because the parties are familiar with the factual background of this case, including
      plaintiff's medical history, the undersigned does not exhaustively relate those facts here.  The
      facts related to plaintiff's impairments and medical history will be addressed insofar as they are
26    relevant to the issues presented by the parties' respective motions.

1   represented by counsel at the hearing and testified.  A vocational expert also testified at the

2   hearing.

3           In a written decision dated July 22, 2010, the ALJ denied plaintiff's application

4   for benefits based on a finding that plaintiff could perform other work as an "office helper,"

5   "hand packager," or "shipping and receiving clerk," which are jobs that exist in significant

6   numbers in the California economy.[3]  (AT 5-20.)  The ALJ's decision became the final decision

7

8           [3] Disability Insurance Benefits are paid to disabled persons who have contributed to the
    Social Security program, 42 U.S.C. §§ 401 et seq.  Generally speaking, Supplemental Security
9   Income is paid to disabled persons with low income.  42 U.S.C. §§ 1382 et seq.  Under both
    benefit schemes, the term "disability" is defined, in part, as an "inability to engage in any
10  substantial gainful activity" due to "any medically determinable physical or mental impairment
    which can be expected to result in death or which has lasted or can be expected to last for a
11  continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).
    A five-step sequential evaluation governs eligibility for benefits.  See 20 C.F.R. §§ 404.1520,
12  404.1571-1576, 416.920, 416.971-976; see also Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).
    The Ninth Circuit Court of Appeals has summarized the sequential evaluation as follows:

13
                    Step one:  Is the claimant engaging in substantial gainful
14          activity?  If so, the claimant is found not disabled.  If not, proceed
            to step two.
15
                    Step two:  Does the claimant have a "severe" impairment?
16          If so, proceed to step three.  If not, then a finding of not disabled is
            appropriate.
17
                    Step three:  Does the claimant's impairment or combination
18          of impairments meet or equal an impairment listed in 20 C.F.R., Pt.
            404, Subpt. P, App.1?  If so, the claimant is automatically
19          determined disabled.  If not, proceed to step four.

20                  Step four:  Is the claimant capable of performing his past
            work?  If so, the claimant is not disabled.  If not, proceed to step
21          five.

22                  Step five:  Does the claimant have the residual functional
            capacity to perform any other work?  If so, the claimant is not
23          disabled.  If not, the claimant is disabled.

24  Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

25      The claimant bears the burden of proof in the first four steps of the sequential evaluation
    process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential
26  evaluation process proceeds to step five.  Id.

3

1 of the Commissioner when the Appeals Council denied plaintiff's request for review.  (AT 1-3.)

2 Plaintiff subsequently filed this action.

3          B.       Summary of the ALJ's Findings

4          The ALJ conducted the required five-step evaluation and concluded that plaintiff

5 was not disabled within the meaning of the Act.  At step one, the ALJ found that plaintiff had not

6 engaged in substantial gainful employment since September 4, 2008, the date that plaintiff filed

7 her application for benefits.  (AT 10.)  At step two, the ALJ concluded that plaintiff had the

8 following "severe" impairments: "major depressive disorder, migraine headaches, lumbar and

9 cervical degenerative disc disease and obesity."  (Id.)  At step three, the ALJ determined that

10 plaintiff did not have an impairment or combination of impairments that met or medically

11 equaled one of the impairments listed in the applicable regulations.  (AT 10-11.)

12          Prior to reaching step four of the analysis, the ALJ determined plaintiff's residual

13 functional capacity ("RFC") as follows:

> [T]he claimant has the residual functional capacity to perform light work
> as defined in 20 CFR 416.967(b) except frequently climbing ramps or
> stairs, balance, stoop, kneel crouch or crawl and may occasionally climb
> ladders, ropes or scaffolds.  The claimant may occasionally reach over
> shoulder height.  She is capable of simple repetitive tasks with occasional
> public contact and frequent contact with coworkers and supervisors.

18 (AT 11.)  In assessing plaintiff's RFC, the ALJ addressed plaintiff's testimony and found that

19 plaintiff was not credible to the extent that plaintiff's testimony conflicted with the RFC.

20 (AT 12-13.)  The ALJ further found, after summarizing some of the treatment evidence, that,

21 while plaintiff's "subject complaints and allegations regarding her functional limitations are

22 partially credible . . . the medical evidence does not support the level of severity the claimant

23 alleges."  (AT 14.)  The ALJ justified this credibility finding by stating "[t]he medical evidence

24 shows that the claimant has migraines only about once a year."  (Id.)  The ALJ also addressed

25 and gave "substantial weight" to the opinion of consultative examiner Dr. Owens in regards to

26 plaintiff's mental functioning.  (AT 14.)  The ALJ noted that the State agency assessed plaintiff

1    as having a "marked limitation in her ability to interact with the general public", but the ALJ

2    stated that the State's finding was "not consistent with the fact that the claimant is able to go out

3    in public and she testified that she leaves the house twice a week." (AT 14.)  The ALJ did not

4    state what weight, if any, she gave to the other findings in the State agency report (AT 358-59),

5    some of which were more restrictive that Dr. Owens' findings, did not include any reference to

6    the May 4, 2009 County mental health assessment that detailed serious mental health symptoms

7    (AT 471-72), and did not state whether she found credible the Third Party Function Report that

8    plaintiff's daughter submitted (AT 125-32).  (See AT 12-14.)

9                Having assessed plaintiff's RFC, at step four the ALJ found that plaintiff was not

10   capable of returning to her past work as a cashier, cashier checker and construction janitorial

11   worker.  (AT 15.)  At step five, the ALJ concluded that considering plaintiff's age, education,

12   work experience, the RFC, and the vocational expert's testimony, plaintiff was not disabled

13   within the meaning of the Act.  (AT 15-16.)  Relying on the vocational expert's testimony, the

14   ALJ determined that plaintiff could perform work in the representative occupations of "office

15   helper," "hand packager," and "shipping and receiving clerk," and that jobs in those occupations

16   existed in significant numbers in the California economy.  (Id.)

17   II.    STANDARDS OF REVIEW

18               The court reviews the Commissioner's decision to determine whether it is (1) free

19   of legal error, and (2) supported by substantial evidence in the record as a whole.  Bruce v.

20   Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009).  This standard of review has been described as

21   "highly deferential."  Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 690 (9th Cir.

22   2009).  "'Substantial evidence means more than a mere scintilla but less than a preponderance; it

23   is such relevant evidence as a reasonable mind might accept as adequate to support a

24   conclusion."  Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009)

25   (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)); accord Valentine, 574 F.3d at

26   690.  "The ALJ is responsible for determining credibility, resolving conflicts in medical

1   testimony, and for resolving ambiguities." Andrews, 53 F.3d at 1039; see also Tommasetti v.

2   Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) ("[T]he ALJ is the final arbiter with respect to

3   resolving ambiguities in the medical evidence."). Findings of fact that are supported by

4   substantial evidence are conclusive. 42 U.S.C. § 405(g); see also McCarthy v. Apfel, 221 F.3d

5   1119, 1125 (9th Cir. 2000). "Where the evidence as a whole can support either a grant or a

6   denial, [the court] may not substitute [its] judgment for the ALJ's." Bray, 554 F.3d at 1222; see

7   also Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) ("'Where evidence is

8   susceptible to more than one rational interpretation,' the ALJ's decision should be upheld.")

9   (quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)). However, the court "must

10  consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum

11  of supporting evidence.'" Ryan, 528 F.3d at 1198 (quoting Robbins v. Soc. Sec. Admin., 466

12  F.3d 880, 882 (9th Cir. 2006)); accord Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir.

13  2007).

14  III.   DISCUSSION

15        Insofar as plaintiff's mental RFC is concerned, the ALJ found that plaintiff "is

16  capable of simple repetitive tasks with occasional public contact and frequent contact with

17  coworkers and supervisors." (AT 11.) Plaintiff contends that this RFC—which the ALJ

18  subsequently used to question the vocational expert about other work in the national or regional

19  economies that plaintiff could perform—did not adequately capture the opinion of Dr. Owens

20  regarding the functional impact of plaintiff's mental impairment on plaintiff's ability to perform

21  work in an eight-hour day, which the ALJ stated she gave "substantial weight."[4] (Pl.'s Memo.

22

23        [4] An ALJ's hypothetical questions to a vocational expert concerning what other work a
    claimant could perform must be based on a RFC that properly sets forth all of the claimant's
24  impairments. A vocational expert's response to a hypothetical question premised on an
    incomplete RFC does not constitute competent evidence in support of a finding that a claimant
25  could perform other work and is thus not disabled. See, e.g., Taylor v. Comm'r of Soc. Sec.
    Admin., 659 F.3d 1228, 1235 (9th Cir. 2011); Nguyen v. Chater, 100 F.3d 1462, 1466 n.3 (9th
26  Cir. 1996).

1  at 15.)  Specifically, plaintiff contends that the mental portion of the RFC did not reflect Dr.

2  Owens' assessment that the plaintiff appeared moderately impaired in her "ability to maintain

3  persistence and pace" and her "ability to deal with changes in a routine work setting."  (Id.;

4  AT 340.)

5           The undersigned finds persuasive plaintiff's argument that the RFC formulated by

6  the ALJ does not adequately capture plaintiff's limitations in terms of persistence and pace; or

7  more accurately stated, endurance and pace.  Even though Dr. Owens found a moderate

8  impairment in plaintiff's ability to maintain adequate pace and endurance over an eight-hour

9  workday, the RFC arrived at by the ALJ does not reflect any limitations in terms of pace or

10  endurance.  Instead, the RFC simply limits plaintiff to jobs involving simple repetitive tasks,

11  occasional public contact, and frequent contact with coworkers and supervisors.  The practical

12  result of the incomplete RFC relates to the adequacy of the ALJ's hypothetical questions to the

13  vocational expert regarding other work that plaintiff could perform, and the adequacy of the

14  vocational expert's responses that the ALJ relied on in finding plaintiff not disabled.  At step five

15  of the analysis, the ALJ specifically asked the vocational expert about the work that a

16  hypothetical person could perform with the mental component of the RFC limited to the ability to

17  work in jobs involving "[s]imple, repetitive tasks, occasional contact with the public, [and]

18  frequent contact with coworkers and supervisors."  (AT 62.)  Because the premise of those

19  hypothetical questions was incomplete, the vocational expert's resulting answers were

20  incomplete and cannot serve as substantial evidence supporting the ALJ's non-disability

21  determination.

22           In response, the Commissioner asserts that plaintiff's argument, that a RFC stating

23  that plaintiff was capable of performing "simple routine tasks" did not capture limitations in pace

24  and endurance, was rejected in Stubbs-Danielson v. Astrue, 539 F.3d 1169 (9th Cir. 2008).  In

25  Stubbs-Danielson, the Ninth Circuit Court of Appeals held that "an ALJ's assessment of a

26  claimant adequately captures restrictions related to concentration, persistence, or pace where the

7

1    assessment is consistent with restrictions identified in the medical testimony." Id. at 1174.

2    There, the record contained some evidence of the claimant's slow pace, but the only concrete

3    functional limitation provided by the medical sources was that the claimant could perform

4    "simple tasks." Id. at 1173-74.  As a result, the ALJ formulated a RFC that limited the claimant

5    to "simple, routine, repetitive sedentary work." Id. at 1173.  The Court of Appeals concluded

6    that the ALJ did not err in that formulation of the RFC and, as a result, did not err in formulating

7    hypothetical questions to the vocational expert.

8            Conversely, this case is more akin to Brink v. Commissioner of the Social

9    Security Administration, 343 Fed. Appx. 211 (9th Cir. 2009), which distinguished Stubbs-

10   Danielson.  Although Brink is an unpublished decision and thus only of persuasive value,[5] it is

11   instructive in regards to how it distinguished Stubbs-Danielson.  In Brink, as in this case, the ALJ

12   accepted medical evidence that Brink had difficulty with concentration, persistence, or pace, but

13   posed hypothetical questions to the vocational expert based on a RFC that "referenced only

14   'simple, repetitive work,' without including limitations on concentration, persistence or pace."

15   Id. at 212.  In finding error and rejecting the Commissioner's argument premised on Stubbs-

16   Danielson, the Court of Appeals reasoned:

17           In Stubbs-Danielson v. Astrue, 539 F.3d 1169 (9th Cir. 2008), we held that
             an "assessment of a claimant adequately captures restrictions related to
18           concentration, persistence, or pace where the assessment is consistent with
             the restrictions identified in the medical testimony." Id. at 1174.  The
19           medical testimony in Stubbs-Danielson, however, did not establish any
             limitations in concentration, persistence, or pace.  Here, in contrast, the
20           medical evidence establishes, as the ALJ accepted, that Brink does have
             difficulties with concentration, persistence, or pace.  Stubbs-Danielson,
21           therefore, is inapposite.

22   Id.

23   _____

24        [5]  Ninth Circuit Rule 36-3(b) provides: "Unpublished dispositions and orders of this
     Court issued on or after January 1, 2007 may be cited to the courts of this circuit in accordance
25   with FRAP 32.1."  However, Ninth Circuit Rule 36-3(a) provides: "Unpublished dispositions and
     orders of this Court are not precedent, except when relevant under the doctrine of law of the case
26   or rules of claim preclusion or issue preclusion."

8

1    The undersigned finds that the reasoning of <u>Brink</u> is persuasive and supports a

2  conclusion that <u>Stubbs-Danielson</u> does not control this case.[6]  In this case, as in <u>Brink</u>, the ALJ

3  granted "substantial weight" to evidence of plaintiff's difficulty with pace and endurance, but the

4  RFC only included a reference to "simple routine tasks."  That RFC is materially incomplete in

5  light of the evidence in the record and the ALJ's own findings.  Accordingly, the undersigned

6  concludes that the ALJ erred in formulating the RFC and that plaintiff is entitled to summary

7  judgment.  The court remands this matter to the agency for further development in regards to the

8  formulation of a more accurate RFC for plaintiff insofar as her mental limitations are concerned.

9  Because a full reformulation of plaintiff's RFC is necessary, the court notes that it finds

10  persuasive, but need not reach, plaintiff's further arguments that the ALJ did not sufficiently

11  address the State agency's assessment, failed to address the May 4, 2009 County mental health

12  assessment, and did not sufficiently explain her rejection of plaintiff's and plaintiff's daughter's

13  testimony.  The ALJ did, however, properly evaluate the impact of plaintiff's obesity, as plaintiff

14  has failed to point to any record evidence that her obesity imposes greater limitations than the

15  ALJ found.  <u>Burch v. Barnhart</u>, 400 F.3d 676, 683 (9th Cir. 2005).

16  IV.    CONCLUSION

17         For the foregoing reasons, IT IS HEREBY ORDERED that:

18         1.    Plaintiff's motion for summary judgment (Dkt. No. 18) is granted in part,

19  and this matter is remanded for further proceedings pursuant to sentence four of 42 U.S.C.

20  § 405(g).

21         2.    The Commissioner's cross-motion for summary judgment (Dkt. No. 25) is

22  denied.

23

24       [6] The undersigned notes that other courts have found <u>Brink</u> persuasive and applied the
reasoning of <u>Brink</u> in the manner similar to how the undersigned applies it here.  <u>See</u>, <u>e.g.</u>, <u>Smith</u>
25  <u>v. Astrue</u>, No. ED CV 10-633-PLA, 2011 WL 3962107, at *8-9 (C.D. Cal. Sept. 8, 2011)
(unpublished); <u>Betancourt v. Astrue</u>, No. EDCV 10-0196 CW, 2010 WL 4916604, at *3-4 (C.D.
26  Cal. Nov. 27, 2010) (unpublished).

1      3.      The Clerk of Court is directed to enter judgment in favor of plaintiff.

2              IT IS SO ORDERED.

3   DATED:  July 5, 2012

4

5                                                    _____
                                                     KENDALL J. NEWMAN
6                                                    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

10